IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANK RODRIGUEZ, JR., 50358-054, )
                Plaintiff, )
  )
v. )   No. 3:10-CV-2141-N
  )
RON RINKER and STAFF, )
                Defendants. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a federal inmate for violation of his civil rights pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971).

Parties: Plaintiff is presently incarcerated in the Federal Penitentiary in Leavenworth, Kansas. Defendants are Ron Rinker and his staff at the Bureau of Prisons Destination Center in Grand Prairie, Texas. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff claims Defendants failed to protect him from harm during his incarceration. He states he is being targeted by other inmates because he provided testimony against other defendants in his federal and state cases. He states that when he informed prison officials of threats against him, officials placed him in the Segregated Housing Unit ("SHU") for his protection. He states that in SHU, he is confined to his cell for twenty-three hours per day,

which caused him to attempt suicide twice. He claims he sent letters to Defendant Ron Rinker and his staff informing them that he was in danger. He told them he should be transferred out of a penitentiary to either the Brooklyn Metropolitan Detention Center ("Brooklyn MDC") or the Manhattan Metropolitan Correctional Center ("Manhattan MCC"). Plaintiff also seeks money damages.

Screening: The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is therefore subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b). *See also* 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Discussion: Plaintiff claims Defendants have failed to adequately protect him. For such a claim, Plaintiff must show he was "incarcerated under conditions posing a substantial risk of

serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Actual knowledge and appreciation of the risk are required. *Id*. at 837-38.

In this case, Petitioner states he was housed in the Allenwood Federal Penitentiary where he was threatened by other inmates. He complained to prison officials and was placed in SHU for three to four months, and then was transferred to the Beaumont Federal Penitentiary. He was again threatened by inmates in Beaumont, so he was placed in SHU for four to five months. He was then transferred to the Cannan Federal Penitentiary. He states he was threatened by inmates at Cannan, so he was placed in SHU for four to five months and then was transferred to the Tucson Federal Penitentiary. After being threatened by inmates in Tucson, he was placed in SHU for five months and then was transferred to the Leavenworth Federal Penitentiary. He is currently incarcerated in Leavenworth and he states he has been in SHU the last three months because of threats by inmates.

The record shows that prison officials have not been deliberately indifferent to Plaintiff's need for protection. Plaintiff has been placed in segregated housing for his safety, and has been transferred to other prisons numerous times. Although Plaintiff does not want to be housed in a penitentiary, he has failed to show Defendants have violated his constitutional rights. Further, a prisoner does not have the right to be transferred to the prison of his choice. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 234, 245 (1983) ("A prisoner has no constitutionally protected interest in a particular facility."). According,

Plaintiff's complaint should be dismissed.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Signed this 14th day of February, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).